# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DENICO LYNDE DUDLEY MCSWEENY,** <br><br> Petitioner, <br><br> v. <br><br> **FEDERAL CORRECTIONAL INSTITUTION LOMPOC, et al.,** <br><br> Respondents. | NO. CV 23-04234-KS <br><br> **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

On May 25, 2023, Petitioner, proceeding *pro se* and then an inmate in the custody of the Federal Bureau of Prisons ("BOP"), filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2241 ("Petition"). (Dkt. No. 1.) Because the Petition was procedurally defective – it was not signed or verified – on June 21, 2023, as ordered by the Court, Petitioner filed the pending First Amended Petition ("FAP"). (Dkt. Nos. 5, 6.) In the FAP, Petitioner contends that the BOP improperly removed Petitioner's earned First Step Act sentence credits, and that those credits were stripped from his release date calculation. (FAP (Dkt. No. 6) at 3.) As a result, Petitioner argues he is being held past

his release date of March 26, 2023. (*Id.* at 4.) Petitioner requests that the Court order the BOP "to apply the credit due under the law." (*Id.*)

## BACKGROUND

On June 23, 2024, the Court ordered Respondents to file a response to the FAP. (Dkt. No. 8.) On August 31, 2023, Respondents filed an Answer arguing that Petitioner's claim fails on the merits. (Dkt. No. 16.) Specifically, Respondents argue that "Petitioner is not entitled to apply FSA earned time credits because he is subject to a final deportation order." (*Id.* at 4-6.) Respondents additionally argue that the FAP should be dismissed for Petitioner's failure to exhaust his administrative remedies. (*Id.* at 6-7.)

On September 1, 2023, the parties consented, in accordance with 28 U.S.C. 636(c) and Federal Rule of Civil Procedure 73(b), to have the undersigned Chief Magistrate Judge "conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment." (Dkt. No. 17.)

On October 18, 2023, Petitioner filed his Reply to Respondents' Answer (Dkt. No. 20) as well as a notice of change of address with the Court. (Dkt. No. 19.) The notice of change of address reflects that Petitioner's current address is a residence in Miami Gardens, Florida. (Dkt. No. 19.) Additionally, a review of the publicly-available information for Petitioner on the official BOP website indicates that Petitioner was released from custody on October 13, 2023. Federal Bureau of Prisons Inmate Locator, http://www.bop.gov/inmateloc (last visited on September 11, 2024).

On July 24, 2024, this Court issued an Order to Show Cause re Dismissal ("OSC"). (Dkt. No. 21.) In the OSC, the Court informed Petitioner that: (1) it appeared he had been released from BOP custody; (2) as a result, the relief sought in the Petition was moot, and no

further relief remained to be granted in this case; and (3) to the extent Petitioner seeks any other remedy from the application of First Step Act credits, the First Step Act does not provide for a reduction of supervised release terms. (*Id.* at 1.)  As a result, the Court concluded that "no further relief can be provided here, [and] it appears that the Court must dismiss this action as moot." *Id.*

In light of the foregoing, the Court ordered petitioner to show cause, on or before August 23, 2024, why the Court should not dismiss this action with prejudice. (*Id.* at 2.)  The Court directed Petitioner to submit a response of no more than five pages showing that "the continued pursuit of this case will lead to any relief now that Petitioner has been released from custody." (*Id.*)  The Court also warned Petitioner in bold letters "that the failure to timely respond to this Order to Show Cause <u>WILL</u> result in the Court entering judgment dismissing this action with prejudice." (*Id.*)  On the same day that it was issued, July 24, 2024, the OSC was sent by First Class U.S. Mail to Petitioner's current residence address in Miami Gardens, Florida. (*Id.*, CM-ECF Display Receipt.)

To date, Petitioner has not responded to the Court's OSC.

## DISCUSSION

**I.     The FAP is Subject to Dismissal Because No Habeas Relief Remains Available**

"[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007).  Relevant here, the "First Step Act . . . does not provide for a reduction of supervised release terms, and the BOP is not authorized to reduce such terms." *Sila v. Warden*, No. EDCV 22-1632 RSWL (AS), 2023 WL 2504476, *2 (C.D. Cal. Feb. 13, 2023) (collecting cases).

3

Here, Because Petitioner has now been released from BOP custody, his requested relief – sentence credit under the First Step Act – "is moot, and no further relief remains to be granted in this case." *Id.* Moreover, Petitioner has been given the opportunity to respond to the analysis above and has not done so. (Dkt. No. 21.)

Therefore, as it appears no further relief can be provided here, the Court dismisses this action with prejudice as **MOOT**. *Sila*, 2023 WL 2504476, *3 (*citing Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005)).

### II.  The FAP is Subject to Dismissal for the Failure to Prosecute

In addition to the fact there is no remedy still available to Petitioner, the Court may alternatively dismiss this action for Petitioner's failure to prosecute under Federal Rule of Civil procedure 41(b).

Rule 41(b) grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In this case, the first two factors—public interest in expeditious resolution of litigation and the need to manage the Court's docket—weigh in favor of dismissal. It has been nearly two months since this Court issued its OSC directing a response no later than August 23, 2024. (Dkt. No. 21.) Yet, Petitioner has not filed a response to the OSC, or made any

contact with the Court for more than ten months. (*See* Dkt. No. 20.) This is true despite the fact that, in the OSC, Petitioner was clearly warned that the consequence for his failure to respond would be dismissal with prejudice. (Dkt. no. 21 at 2.) Petitioner has not proffered any explanation for his failure to respond to the OSC, let alone demonstrated good cause.

The third factor—risk of prejudice to Defendant—also weighs in favor of dismissal. The Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns Corp.*, 589 F.2d 959, 967-68. This case has been on the Court's docket since May 25, 2023, and approximately ten months have passed since Petitioner has made any contact with the Court concerning this case. (Dkt. Nos. 1, 20.) In issuing the OSC, the Court afforded Plaintiff ample time to respond with an argument as to why this action should not be dismissed as moot, and warned Plaintiff in clear, bold language that the failure to timely respond to the OSC would result in dismissal. (Dkt. No. 21.) Under these circumstances, the Court finds the delay to be unreasonable and presumes prejudice. *Eisen*, 31 F.3d at 1452-53; *Moore*, 589 F.2d at 967-68.

The fourth factor—the availability of less drastic sanctions—ordinarily counsels against dismissal. However, the Court has attempted to avoid outright dismissal by issuing an OSC for the specific purpose of providing Petitioner time to respond and argue against dismissal. (Dkt. No. 21.) Petitioner has not responded to the OSC or contacted the Court about his case since changing his address to a private residence on October 18, 2023, after his release from custody. (Dkt. Nos. 19, 20.) Therefore, the Court's efforts to consider alternatives to outright dismissal were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor—the general policy favoring resolution of cases on the merits—in many cases would disfavor dismissal. Here, however, as discussed above, because Petitioner's claim for release from custody is now moot, dismissal is warranted in any case. The Court warned Petitioner in a July 24, 2024 OSC, which was delivered by First Class U.S. Mail to Petitioner's current residence address in Miami Gardens, Florida, that his failure to respond would lead to the dismissal of this action with prejudice. (Dkt. No. 21 at 2.) Nearly a month has passed since Petitioner's August 23, 2024 deadline to file a response, and Petitioner has not done so. In these circumstances, it does not appear that the Court's retention of this action would increase the likelihood of any result other than dismissal.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) the FAP is dismissed as MOOT; and (2) JUDGMENT shall be entered dismissing this action with prejudice.

DATE: October 9, 2024

_____
KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE